UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUFFORD HAYES, Jr., | No. 2:19-cv-1279-TLN-EFB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ROBERT NEUSCHMID, | |
| Respondent. | |

Petitioner is a state prisoner proceeding through counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss claims 1, 2, 3, 4, 6, 7, and 8 of the amended petition (ECF No. 18) as untimely. ECF No. 19. On February 5, 2020, the court held a hearing on the matter. Attorney Richard Such appeared on behalf of petitioner; Attorney David Eldridge appeared on behalf of respondent. For the reasons stated on the record and summarized below, respondent's motion to dismiss must be denied.[1]

/////

---

[1] At the hearing, the court also addressed Mr. Such's request (ECF No. 20) to be formally appointed by the court as counsel for petitioner. That request is denied. The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing § 2254 Cases. However, there is no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court does not find that the interests of justice warrant appointment of counsel at this time.

1

As a threshold matter, two defects in the original petition must be addressed. First, the original petition was neither signed under penalty of perjury by petitioner himself nor by a person designated as authorized to sign for him. *See* 28 U.S.C. § 2242; Rule 2(c)(5), Rules Governing Section 2254 Cases. Petitioner has since cured this defect through a declaration, filed on February 7, 2020, confirming that he authorized the filing of the original petition on his behalf. ECF No. 29. The second defect is that the original petition repeatedly refers to a document – Appendix B - that was inadvertently omitted from the original filing. *See* ECF No. 21-1. Petitioner's counsel cured this defect by subsequently filing Appendix B with the court, along with an explanatory declaration. *See id.* The court considers Appendix B, which was incorporated by reference, as part of the original petition.

Turning to the motion to dismiss, respondent argues that the claims added by the amended petition are time-barred. Respondent concedes that the original petition was filed before the July 11, 2019 expiration of the limitation period, ECF No. 19 at 1, but contends that new claims were added in the amended petition filed on September 30, 2019, and that those claims are untimely. A claim asserted in an amended pleading but after the expiration of the statute of limitations is timely if it relates back to a claim(s) asserted in a timely filed petition. The new claim will relate back to an existing, timely-filed claim if the two claims share a "common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). "An amended habeas petition does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. A new claim also does not relate back to an existing claim simply because it arises from "the same trial, conviction or sentence." *Id.* at 663-64.

Having compared claims 1, 2, 3, 4, 6, 7, and 8 of the amended petition to those asserted in the original petition, the court finds that they relate back to the claims of the original petition. As to claims 1, 3, and 4 of the amended petition, respondent concedes that their "factual bases . . . more or less appear to be the same as those [ ] in the original petition . . . ." ECF No. 19 at 4, 6, 7. Respondent's core argument that the claims nevertheless fail to relate back because they rely on additional facts distorts the applicable standard. To relate back, the claims need only share a

"common core" of facts. *Mayle*, 545 U.S. at 659. Respondent concedes as much with respect to claims 1, 3, and 4. Indeed, claim 1 of the amended petition was alleged in the original petition by way of "Ground One" (ECF No. 1 at 5); claim 3 of the amended petition was alleged in the original petition by way of "Ground 2" (*id.* at 7); and claim 4 of the amended petition was alleged in the original petition by way of "Ground 3" (*id.* at 8). Similarly, claims 6, 7, and 8 of the amended petition were alleged in the original petition by way of "Grounds 5-7" and paragraphs (5)-(7) of Appendix B (*id.* at 10; ECF No. 21-1).

Further, claim 2 of the amended petition was alleged in the original petition by way of "Ground 1" and paragraph (1) of Appendix B (ECF No. 1 at 6; ECF No. 21-1). The original petition alleged that appellate counsel failed to perfect the appeal and failed to file an ancillary petition to show that, but for the denial of the right to counsel, petitioner would have been able to present a compelling defense. *Id.* Claim 2 in the amended petition expands upon this by adding that appellate counsel also failed to read the complete record, to accept assistance from former counsel, and to rely on evidence showing that petitioner was prejudiced. ECF No. 18 at 6-7. These more specific allegations lend support and background as to how and why appellate counsel was ineffective in presenting and perfecting petitioner's appeal. They are based on the same core set of facts alleged in the original petition and thus, relate back.

For the reasons stated above, respondent's motion to dismiss must be denied.

Accordingly, IT IS ORDERED that petitioner's motion for appointment of counsel (ECF No. 20) is denied.

Further, IT IS RECOMMENDED that respondent's motion to dismiss (ECF No. 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

3

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE