UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUFFORD HAYES, Jr., <br><br> Petitioner, <br><br> v. <br><br> ROBERT NEUSCHMID, <br><br> Respondent. | No. 2:19-cv-1279-TLN-EFB P <br><br><br> FINDINGS AND RECOMMENDATIONS |

      Petitioner is a state prisoner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 30, 2019, Attorney Richard Such appeared as counsel for petitioner, who until then, had been proceeding pro se. ECF No. 16. Mr. Such moved to amend the original "bare-bones" petition, which the court granted, and this case now proceeds on the amended petition. ECF Nos. 15, 17, 18. Respondent has filed a motion, styled as a "Motion to Dismiss Amended Petition," in which he asks the court "to deny Petitioner's motion for leave to amend in light of [ ] facts previously concealed by Petitioner, and that came to light after such leave was granted" and to issue a "new order denying such leave and ordering that Petitioner must stand on the original Petition as filed." ECF No. 31 at 7. Respondent's motion is not a motion to dismiss, but rather, a motion for reconsideration of the court's order granting petitioner's motion to amend. So construed, the court reconsiders that order, and after such reconsideration, confirms its earlier analysis that leave to amend was properly granted.

1

Background

On July 10, 2019, this action was opened with the filing of a pro se petition. ECF No. 1. On September 30, 2019, Mr. Such appeared as counsel for petitioner. ECF No. 16. In a declaration filed by Mr. Such, he states that he has been involved in petitioner's criminal proceedings, on and off, for nearly forty years. *See* ECF No. 20 ¶ 1 (stating that he was initially appointed on April 6, 1982, to represent petitioner in his automatic appeal from the sentence of death); *see also id.* ¶ 2 (stating that following a successful appeal and new trial, petitioner received a new sentence of 25 years to life).

Mr. Such moved to amend the original July 10, 2019 "pro se" petition, stating that it was "bare-bones" because: (1) the pre-printed form "did not provide space for a full explanation of the facts and law relevant to the case," (2) petitioner did not have access to all the records in this case, in part, because of his status as a state prisoner, (3) "that petitioner ha[d] very limited access to materials such as paper and a typewriter and to resources such as a law library and, therefore, very limited ability to research and write an adequate petition," and (4) "that because of petitioner's lack of legal education, he needs the assistance of an attorney, such as attorney Richard Such, in writing an adequate petition, which assistance Mr. Such did not have time to give him before the deadline of July 11, 2019 . . . ." ECF No. 15, ¶¶ A-E. The motion also represented that Deputy Attorney General David Eldridge did not oppose the filing of Mr. Such's Amended Petition (on the condition that respondent did not waive any defenses to it). *Id.*, ¶ F. On October 30, 2019, noting that respondent did not oppose the amendment, the court granted the motion to amend. ECF No. 17.

As it turns out, the July 10, 2019 "pro se" petition was in fact drafted, signed, and filed by Mr. Such. ECF No. 21-1, ¶ 2 ("I drafted for petitioner his original *pro se* Petition"); ECF No. 21-1, Ex. B ("I'll … sign your name … and mail it to the court.").

Motion for Reconsideration

Respondent argues that in obtaining leave to amend, Mr. Such intentionally deceived both respondent and the court by using "extremely-careful phrasing" to suggest that petitioner was not assisted by counsel when he filed the original petition. ECF No. 31 at 2. Indeed, when

2

respondent chose not to oppose the motion, and when the court decided to grant the unopposed motion, neither was aware that Mr. Such – an attorney with nearly forty years of involvement in petitioner's criminal proceedings – had actually drafted, signed, and filed the original "bare-bones" petition.  These facts only came to light during briefing on respondent's prior motion to dismiss (arguing that certain claims in the amended petition were untimely).[1]  *See* ECF Nos. 21, 21-1 at 2, 4 & 22.  Although petitioner subsequently filed a declaration confirming that he had authorized the filing of the original petition on his behalf (ECF No. 29), the court assumes for purposes of this motion that these new facts are material in determining whether leave to amend should have been granted.  Nonetheless, leave to amend was properly granted.

## Reconsideration of Order Granting Leave to Amend

### A. Legal Standards

The Federal Rules of Civil Procedure state that courts "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has held that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987)).  Nevertheless, a court may deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).  In weighing whether to allow amendment, all inferences should be drawn in favor of granting the motion to amend. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### B. Discussion

The thrust of respondent's argument is that Mr. Such engaged in bad faith and unduly delayed seeking amendment "by originally concealing the fact that the original Petition was

---

[1] That motion was denied on May 12, 2020.  ECF No. 35.

written by him—i.e., written by a person who knew at the inception of this case all the facts and theories that he later would seek to include in an amended petition." ECF No. 31 at 5. Respondent concludes that justice does not require allowing amendment under these circumstances. *Id.* The court does not agree.

The motion to amend was misleading in that it did not reveal that Mr. Such had prepared the original petition. However, it does not follow that the motion to amend was brought in bad faith. The motion made no secret of the fact that Mr. Such simply did not have the time, prior to the expiration of the statute of limitations, to prepare an adequate petition for petitioner. ECF No. 15, ¶ E. In his opposition to the instant motion, Mr. Such states that it is common practice for attorneys to, for one reason or another, "ghost write" a petition for a prisoner. *Id.* at 5. With respect to this practice, the United States District Court for the District of Nevada has opined as follows:

> While this court does not, as a general matter, condone the practice of lawyers "ghostwriting" pleadings for a party ostensibly appearing *pro se*, a substantial number of habeas petitions filed in this court are filed in such a manner without complaint or opposition from the State. In most cases, the exigency of filing a timely habeas petition combined with the limited resources available to a typical prisoner outweigh the potential downside to permitting such filings. Also, in a vast majority of those cases, the initial petition and accompanying motions will be the only documents ghost-written by counsel — i.e., usually, either counsel is formally appointed pursuant to petitioner's motion or the petitioner subsequently proceeds in true pro se fashion. Moreover, the petitioner often has an opportunity to amend the initial petition, in which case the ghost-written petition is superceded by an amended pleading.

*Mack v. Baker*, 3:12-cv-0104-RCJ-VPC, 2014 U.S. Dist. LEXIS 59221, at *6 (D. Nev. Apr. 28, 2014). Here, Mr. Such emphasizes that his intention behind the original petition was not to deceive, but to assist petitioner in filing a pro se petition before the one-year AEDPA deadline of July 10, 2019. ECF No. 33 at 3-4. He said as much in the motion to amend. *See* ECF No. 15 ¶ (E) ("that because of petitioner's lack of legal education, he needs the assistance of an attorney, such as attorney Richard Such, in writing an adequate petition, which assistance Mr. Such did not have time to give him before the deadline of

1  July 11, 2019, but he now has had time to write a full Amended Petition and a supporting
2  Memorandum of Points and Authorities, which are tendered herewith for filing"). The
3  omission in the motion to amend is not tantamount to bad faith and does not require denial
4  of the motion to amend.
5      Respondent also argues that given Mr. Such's extensive involvement in
6  petitioner's post-judgment proceedings in state court, he knew or should have known the
7  facts and theories that he later sought to add by way of the amended petition. ECF No. 31
8  at 4. The court is unconvinced. Although petitioner no longer faces the death penalty, the
9  court notes that in such cases, it is a common practice for a petitioner to file a pro se
10 petition (even with the assistance of counsel), only to later file a "finalized petition," once
11 counsel is actually appointed. *See, e.g., Stevens v. Chappell*, No. 3-9-cv-137-WHA, 2012
12 U.S. Dist. LEXIS 119014 (N.D. Cal. Aug. 22, 2012) (noting "the complex nature of
13 capital habeas proceedings" and that "the right to counsel necessarily includes a right for
14 that counsel meaningfully to research and present a defendant's habeas claims."). Mr.
15 Such states that the amended petition, filed fewer than three months after the original
16 petition, required approximately 60 hours to research and write. ECF No. 33 at 4. Given
17 that nearly forty years have elapsed since petitioner's original conviction and death
18 sentence, the court cannot say that these three-months amount to undue delay.
19     Finding no bad faith and no undue delay, the court recommends that the order
20 granting the motion to amend (ECF No. 17) be reaffirmed.
21                               Conclusion
22     Accordingly, it is RECOMMENDED that:
23     1. Respondent's "Motion to Dismiss Amended Petition [ ], Due to Undue Delay and Bad
24        Faith Warranting Denial of Leave to Amend," (ECF No. 31), be construed as a motion
25        for reconsideration and so construed, be GRANTED; and
26 /////
27 /////
28 /////

5

2. Upon reconsideration of the order granting petitioner leave to amend (ECF No. 17), the order be AFFIRMED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 25, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE